Gary Easley
18525 Old Monterey Rd.
Morgan Hill, Ca.
95037

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

NC

Case No. C 21 00893

| | |
|---|---|
| IN RE MATTER OF: | |
| GARY D. EASLEY (*Pro-Se*) *Plaintiff*, | A.) CIVIL RIGHTS COMPLAINT 42 USC 1983 42 USC 1985 |
| V. | |
| KATARINA PENA, AMY KIMPEL RUBEN MUNOZ, EDWARD LEE LE JAQUELINE DUONG et.al; PUBLIC DEFENDERS OFFICE COUNTY OF SANTA CLARA UNITED STATES OF AMERICA, STATE OF CALIFORNIA. THE STATE OF CALIFORNIA, GREY HOUND BUS COMPANY. DONALD TRUMP, City of Morgan Hill. *Defendants.* | **(PROTECTIVE FILING)** NOTE TO CLERK *The Plaintiff submits that this case is a protective civil filing to meet deadline restrictions. Plaintiff submits that this case should placed into a state of suspension until a related criminal appeal can be completed* B.) MOTION TO FILE AND HOLD CASE IN ABEYANCE UNTIL INTENDED STATE COURT PROCEEDINGS INVOLVING SOME OF THE NAMED DEFENDANTS BELOW ARE COMPLETED. |

## INTRODUCTION

Comes now in the United States District Court, for the Northern District of California, the Plaintiff, Gary Easley, on his own behalf. Plaintiff is seeking monetary damages for deprivations of his rights under the laws of the United States by the Defendant's named within this complaint.

## JURISDICTION

Plaintiff brings this action to protect the rights and freedoms conferred within the United States Constitution. Jurisdiction of this action is, in part, based upon federal question jurisdiction pursuant to title 28 U.S.C. 1331, 1331(a) & 1343(a)(3) and the due process clause of art. IV of the U.S. Const.. This Court has jurisdiction over Plaintiff's claims, infra, and venue is proper pursuant to title 28 U.S.C. 1391. The complained of conduct occurred in the California 1-408 area code in Morgan Hill, Ca.

This action comes before this court pursuant to 42 U.S.C. § 1983 & 28 U.S.C. § 1367(a).

## PLAINTIFF

A.)   <u>GARY EASLEY</u>: - Plaintiff in the underlying action. A citizen & resident of the State of California.

## DEFENDANTS

B.)   KATARINA PENA: - A Public Defender for the County of Santa Clara.

C.)   <u>AMY KIMPEL: - A public Defender for Santa Clara Co.</u>

D.)   RUBEN MUNOZ: -  <u>A privately retained Att.</u>

E.)   SANTA CLARA COUNTY PUBLIC DEFENDERS OFFICE.

F.)   SANTA CLARA SHERIFF DEPARTMENT OF CORRECTIONS.

G.)   GREY HOUND BUS COMPANY.

H.)   THE CALIFORNIA STATE JUDICIARY.

I.)   EDWARD LEE

J.)   JAQUELYN DUONG

K.)   HELLEN WILLIAMS

(2)
## THE FACTS

1.) Upon information and belief, that at all times hereafter mentioned, the Defendant's, Morgan Hill & the County of Santa Clara were, and still are, municipalities duly organized and existing under and by virtue of the laws of the State of California.

2.) Upon information and belief, that at all times hereafter mentioned, the City & municipality, its agents, servants and employees, maintained and controlled the Santa Clara county Sheriff Dept. & Morgan Hill Police Dept., including the Chief of Police, Internal affairs Dept., and all officers thereof.

3.) Upon information and belief, that at all times hereafter mentioned, the People of the State of California prosecuted the cases which were delivered to them, upon information by the above named Sheriff Deputies & Municipality for the purpose to punish and penalize the Plaintiff for the alleged violations of State penal law detailed within this complaint, and that each and all of the alleged acts of the Defendant's alleged herein were done by the Defendant's, their agents, servants, and employees, as individuals under color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California, and county of Santa Clara, under authority of their employment with full knowledge and approval of supervisors.

That the defendants were employed by the Santa Clara public defender office and did conspire with Judges and law enforcement for the purposes of aiding and abeiting nefarious members of law enforcement and the mob to achieve particular constitutional violations against the plaintiff. Note: Any defendants not so named herein this complaint will, it is the intention of the plaintiff, to locate the names of the defendants and submit an amended complaint with the corrections and additions properly reflecting the named defendants.

contact with Plaintiff's body, using excessive and unreasonable force. This also constitutes an aggravating factor to other claims.

6.) The Defendant's actions evidenced a callous disregard for, and deliberate indifference to, Plaintiff's constitutional rights.

7.) As a proximate result of the acts of the Defendant as alleged above, Plaintiff was physically hurt & threatened and has suffered mental & emotional anguish & trauma. As a result, plaintiff has suffered general damages, and was deprived of his rights under the 4th & 14th Amendments.

## COUNT V

### VIOLATIONS OF 42 U.S.C. 1983
### (MONELL V. DEPT. OF SOCIAL SERVS., 436 U.S. 658 (1978))

1.) Against the Supervisory Defendant's: Sheriff Laurie Smith, Director of P.D. & Sheriff Dept's, Ken Yeager (Board of Supervisor's), Cummings, Sergeant Persiani, Deputies Cruz & Stenderup, City of Morgan Hill, M.H.P.D. & S.C.S.D., the County of Santa Clara David Ray (all defendants are sued individually and officially). The above named Defendant's are "persons".

2.) Upon information and belief, the Supervisory Defendant's and other officials in the County of Santa Clara, having final policy making authority for the Santa Clara Co. and Morgan Hill Police and Sheriff Departments had contemporaneous knowledge through the chain of command that the officers of the M.H.P.D. & S.C.S.D., were conducting manipulative police arrests that violated constitutional standards, concealing evidence of Plaintiff's innocence, fabricating false evidence, making false police reports, and making false public statements regarding the Plaintiff, and also following an illegally adopted code of procedure designed to commit governmentally sanctioned religious persecution of the Plaintiff.

3.) It would have been plainly obvious to a reasonable policy maker that such conduct would lead to deprivations of Plaintiff's constitutional rights.

4.) Upon information and belief, the Supervisory Defendant's and other officials in the County

of Santa Clara, nevertheless, agreed to, approved and ratified this unconstitutional conduct by the County and its officials and their subordinates in the Police & Sheriff Departments.

5.) As a direct and foreseeable consequence of these policy decisions, Plaintiff was deprived of rights under the 4th and 14th Amendments to the U.S. Const, suffered economic loss, inconvenience, physical & emotional trauma, loss of liberty, privacy, employment, reputation, enjoyment of life.

## COUNT VI

### NEGLIGENT SUPERVISION, HIRING, TRAINING, DISCIPLINE AND RETENTION

1.) Against all defendants.

At the time of the events alleged, each of the Supervisory Defendant's, and other Defendant's named above, including the County of Santa Clara, owed Plaintiff a duty to use due care in the hiring, training, supervision, discipline, and retention of the Santa Clara County Police personnel.

3.) The Supervisory Defendant's negligently supervised the Police personnel Defendant's and failed to provide proper training, and failed to outline proper procedure to them in various respects relating to the appropriate conduct of criminal investigations, including by way of example:

   a.) the appropriate chain of command in law enforcement activities;

   b.) the proper way to pre-plan an arrest prior to attempting its execution;

   c.) the proper way to collect and store and report of evidence;

   d.) investigatory procedures;

   f.) proper protocol on why not to fabricate false evidence;

   g.) proper anger management training, and training on how to refrain from violent behavior while conducting law enforcement activities;

   h.) training on why not to commit governmentally sanctioned religious persecution by

following an illegal code of procedure;

i.) proper way to not tamper with crime scenes so as to ensure that justice may prevail.

4.) In committing the aforementioned acts or omissions, each supervisory Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.

5.) As a direct and foreseeable consequence of these acts, Plaintiff was deprived of rights under the 6th 4th & 14th Amendments to the U.S. Const. & suffered economic loss, legal expense, inconvenience, physical & emotional trauma, loss of liberty, privacy, employment, reputation, & enjoyment of life.

## COUNT VII

### VIOLATIONS OF 42 U.S.C. 1983

1.) Against all previously mentioned named defendants. The above named Defendant's are "person's" as that term is used within the meaning of section 42 U.S.C. 1983.

2.) Under color of state law, the above named Defendant's conspired and entered into express, and or, implied agreements, understandings, and meetings of the minds among themselves for the purposes of depriving, either directly or indirectly, Plaintiff of his Constitutional rights to target him for false arrest, fabricate false evidence, and illegally orchestrate a pre-textual criminal prosecution and seizure, in bad faith, and by following an illegal code of procedure to commence governmentally sanctioned religious persecution of the Plaintiff.

3.) That the Defendant's did conspire together in one respect to web Plaintiff into the system of the state, thereby weakening his general constitutional rights for future violations which were to be conducted by cohorts and by following an illegal code of procedure for no other reason than spiteful ill will.

4.) That because of the unlawful and illegal acts depicted commissioned by the Defendant's,

their agents, servants, and employees, and each of them acting under color of law, the Plaintiff was deprived of his constitutional right to be informed of the true and actual nature and cause of the accusations against him pursuant to the Sixth Amendment.

5.) The Defendant's committed unlawful acts (as depicted within this complaint) that directly resulted in the religious persecution & uncouth, maleficent forms of torment, punishment & degrading of the Plaintiff.

6.) The Defendant's actions evidenced a callous disregard for, and deliberate indifference to, Plaintiff's constitutional rights. Defendant's had a duty not to violate the Plaintiff.

7.) The above actions having been committed by Defendant's were definitive acts not authorized by the legal process employed.

8.) As a result of the Defendant's actions, the Plaintiff was deprived of his rights under the First, Fourth & Fourteenth Amendments to the United States Constitution.

9.) As a direct and foreseeable consequence of these deprivations, the Plaintiff has suffered economic loss, legal expenses, physical and emotional harm, inconvenience, spiritual estrangement, loss of liberty, privacy, employment, enjoyment of life, deprivation of society, and irreparable harm to his reputation.

## COUNT VIII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS 42 U.S.C. 1983

1.) Against all defendants Defendant's are "person's" as that term is used in the text of section 42 U.S.C. 1983.

2.) Plaintiff hereby incorporates all information from all previously submitted counts.

3.) The Defendant's, in committing the outrageous acts detailed within those previous counts, did intentionally inflict upon the Plaintiff emotional distress, acting under color of law.

4.) Actions evidenced a callous disregard and deliberate indifference to Plaintiff's rights, and were acts not tolerable in a civilized society and caused Plaintiff much emotional trauma.

5.) As a result of the Defendant's conduct, the Plaintiff was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

6.) As a direct and foreseeable consequence of these deprivations, Plaintiff has suffered economic loss, physical and emotional harm, inconvenience, loss of liberty, privacy, employment, enjoyment of life, and irreparable harm to his reputation. Plaintiff has incurred expenses associated with defending against the unlawful criminal proceedings initiated and sustained by the Defendant's.

## COUNT IX

Against the California State Supreme Court & clerks office, Grey Hound bus station. Burger King Company.   On or about the date of January 29, the above named defendants did conspire together to commit treason against the United States of america by causing to not be filed information which was intended to place the government on notice of a suspected terrorist cell which has situated itself within the government systems.

The Court knew of an impending dead line to rent appellant proceedings. The Court and its clerks office took measures to situate agents on notice and on the look out of for any attempted packages to be filed by the petitioner. On the date the Court received the package sent by the plaintiff, it intercepted it, and took measures to prevent it from being filed. The group did this to aid and abet the group responsible for the terrorist attacks being committed against the plaintiff. Defendants act resulted in a non-judicial criminal interference of correspondence a to violate plaintiff for the purpose of concealing evidence of several murders and terrorist attacks which resulted by of information cover-up being submitted

The petitioner is victim to a tightly knit pyramid scheme involving placement of agents who are violating the plaintiffs rights on account of his race ethnicity and sex, and religious

beliefs.

Plaintiff does not know to what extent Grey Hound bus lines participated in this conspiracy to violate the plaintiffs constitutional rights. However, the company may have participated in the conspiracy to deprive plaintiff of his constitutional rights during a time where he was attempting to seek aid from Hostile groups threatening with respect to these court cases.

The above incident was in violation of federal law anti-tampering with courier correspondence and businesses. Action violated the 1st, 4th, 5th, 9th, 13th & 14th amendment to the United States constitution.

All the above incidents were committed in ways designed to assist terrorists cells attempt subjugate the plaintiff. All defendants named herein committed the above named acts for the purposes of aiding and abetting in a Pyramid Ponzi Scheme which involves committing violations against the petitioner to aid and support insurgent cells of a terrorist sect. The violations were conducted in a way which would systematically prevent the plaintiff from receiving any aid during a time the cell actively violated and attempted to subjugate the plaintiff.

===

NOTE TO COURT: PLAINTIFF PLANS ON FILING AN AMENDED COMPLAINT WHICH INCLUDES SEVERAL OTHER DEFENDANTS AND CLAIMS… Plaintiff was exposed to noxious chemicals, sound weapons, and irritant agents, from team believed to be affiliated to the groups described herein and was impeded upon in his ability to best draft and complete this motion because of aforementioned problem he is experiencing,

Jury trial demanded . Damages exceed $50,000. Punitive damages requested.

Petitioners home has been made uncomfortable in ways in the past where a swimming pool amount of human feces was unloaded into the home, by a city, and it caused fill the entire house

with one foot of human excrement. This occurred several years ago. Recently, car park outside his and he believes a fan introduces an ecological mit cloud which fills his entire home with hundred of thousands small mites and/or spores which make the ability to focus and prepare litigation to seek aid difficult. Petitioner was recently hospitalized for an incident which he believes was to thwart and diminish his effective against preparing evidence of the conspiracy against him.

**CERTIFICATE OF SERVICE**

I, Gary Easley, am the petitioner in this case. I am over the age of 18. I hereby swear under penalty of perjury that every contained herein is the truth to the best of my ability. On the date listed below I caused to be filed a true copy of this complaint and cause for it to be filed via US mail, postage prepaid to 280 No,1st street US District Court clerks office.on the date listed below...

1/28/2021

DATE

Gary Easley